IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**RICHARD PALMER**                                                                     **PLAINTIFF**

**V.**                                             **NO. 3:23-CV-420-DMB-JMV**

**BURL CAIN, et al.**                                                    **DEFENDANTS**

**OPINION AND ORDER**

Richard Palmer asserts § 1983 claims against the Mississippi Department of Corrections and some Marshall County Correctional Facility employees based on alleged Eighth Amendment violations for the denial and delay of medical care. Because Palmer's complaint fails to state a claim upon which relief can be granted, his claims will be dismissed.

**I**
**Background and Procedural History**

On October 17, 2023, Richard Palmer, an inmate in the custody of the Mississippi Department of Corrections ("MDOC") housed at the Marshall County Correctional Facility ("MCCF") in Holly Springs, Mississippi, filed a pro se complaint in the United States District Court for the Northern District of Mississippi against MDOC, MDOC Commissioner Burl Cain, MDOC Deputy Commissioner Kelley Christopher, Acting MDOC Medical Director Dr. Timothy Donovan, MCCF Superintendent Chris Loden, and Vital Core MCCF Facility Medical Director Skylar Chandler. Doc. #1 at PageID 1–3. In his complaint, Palmer asserts claims under 42 U.S.C. § 1983 alleging the defendants denied him appropriate medical care in violation of the Eighth Amendment. *Id*. at PageID 3, 13–15. In that regard, Palmer alleges that he has suffered severe pain in his right shoulder since 2018 because of two tears in his rotator cuff; he has been given various medications including naproxen, steroid injections, and nortriptyline to treat the pain;

MDOC sent him on "numerous visits to outside board[-]certified specialists, whom all rendered the same diagnosis, surgery;" and he "had a video call" on June 1, 2023, with a doctor who recommended physical therapy. *Id*. at PageID 19–20. Palmer seeks injunctive relief (an order requiring MDOC to implement various practices in its treatment of inmates, including him), compensatory damages ("One (1) dollar and zero cents"), and punitive damages ($367,000). *Id.* at PageID 17.

On November 27, 2023, United States Magistrate Judge Jane M. Virden granted Palmer's request to proceed in forma pauperis. Doc. #7. On January 25, 2024, Judge Virden ordered Palmer to show cause within twenty-one days why his case should not be dismissed with prejudice for failure to state a claim upon which relief can be granted "for the following reasons: (1) Defendants Cain, Christopher, Donovan, Loden, and Chandler cannot be held liable under Section 1983 solely based on their positions of authority at MDOC and MCCF; and (2) his mere disagreement with the course of medical treatment provided fails to state a cognizable claim for denial of medical care." Doc. #9 at 5. Palmer did not respond to the show cause order by the February 15, 2024, deadline. However, on March 6, 2024, he filed an untimely response to the show cause order, Doc. #10; then approximately a week later, moved for a fourteen-day extension to respond to the show cause order. Doc. #12. Judge Virden granted Palmer's extension request, rendering his response timely. Doc. #13.

**II**
**PLRA**

Under 28 U.S.C. § 1915(e)(2) of the Prison Litigation Reform Act ("PLRA"), "the court shall dismiss the case at any time if the court determines that … the action or appeal … is frivolous

2

or malicious" or "fails to state a claim on which relief may be granted."[1] 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A claim "is frivolous where it lacks an arguable basis either in law or fact." *Williams v. Scheef*, 824 F. App'x 268, 269 (5th Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). "A complaint fails to state a claim under § 1915(e)(2)(B)(ii) when it lacks sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Thompson v. City of Weatherford Mun.*, No. 23-10767, 2023 WL 8368867, at *2 (5th Cir. Dec. 4, 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

## III
## Discussion

### A. Supervisor Liability

A plaintiff proceeding under 42 U.S.C. § 1983 cannot establish that a government official violated his constitutional rights simply by virtue of the official's role as a supervisor. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). "In order to state a cause of action under [§] 1983, the plaintiff must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995). A supervisor may be held liable under § 1983 when "(1) she affirmatively participates in the acts that cause the constitutional deprivation, or (2) she implements unconstitutional policies that causally result in the constitutional injury." *Wernecke v. Garcia*, 591 F.3d 386, 401 (5th Cir. 2009) (cleaned up). Consequently, a supervisory official "can be held liable only for his own misconduct." *Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011).

---

[1] Dismissal also must result if the action or appeal "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii).

Palmer does not allege that Cain, Christopher, Donovan, or Loden were personally involved in his medical care. Rather, he alleges only that he sent them letters complaining of his shoulder pain and the alleged denial and/or delay of medical care. *See generally* Doc. #1 at PageID 12–20. While Palmer emphasizes that he received return receipts for these letters—which he seems to believe prove those officials received and read them, *id.* at PageID 16—even if true, a supervisory official receiving such a letter from an inmate does not equate to the personal involvement required to impose supervisory liability under section 1983. *See Turner v. Driver*, 848 F.3d 678, 696 n.88 (5th Cir. 2017) ("To show personal involvement, the supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.") (citation omitted). Regardless, Palmer's allegations as to these defendants are wholly generalized and conclusory. *See Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (conclusory allegations are not accepted as true).

Regarding Chandler, Palmer alleges that after he sent her a letter describing his shoulder pain and lack of medical care, she "called [him] to clinic and informed him that it was the Medical Director in Jackson who would not authorize treatment." Doc. #1 at PageID 15. These allegations do not show Chandler was personally involved in Palmer's actual medical treatment. If anything, they demonstrate Chandler had no control or authority over Palmer's medical treatment and care. *See Carnaby*, 636 F.3d at 189 ("a government official can be held liable only for [her] own misconduct").

Palmer's response to the January 25 show cause order adds nothing that would indicate the requisite personal involvement of the named defendants—he merely opines that they "should not be dismissed" because they have "positions of authority at MDOC and MCCF." Doc. #10 at 2.

4

As discussed above, a plaintiff cannot establish that a government official violated his constitutional rights simply by virtue of the official's supervisory role. *Monell*, 436 U.S. at 691.

Because Palmer has not adequately alleged that Cain, Christopher, Donovan, Loden, and Chandler—who appear to have been named as defendants merely due to their positions of authority with MDOC and MCCF—were personally involved in his medical treatment, he fails to state a claim upon which relief can be granted and such claims will be dismissed. *See Oliver v. Scott*, 276 F.3d 736, 742 n.6 (5th Cir. 2002) (§ 1983 does not allow a supervisory official to be held liable for actions of their subordinates); *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action.").

### B. Denial of Medical Care

To prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "that the medical care was denied or delayed and that the denial or delay constituted deliberate indifference to his serious medical needs." *Zidell v. Kanan*, 428 F. App'x 426, 427 (5th Cir. 2011); *see Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992) ("claim for inadequate medical care would succeed only if [plaintiff] proved that the denial of care constituted 'deliberate indifference to serious medical needs'") (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 839 (1994). Under such standard, a state employee may not be held liable under § 1983 unless the plaintiff alleges facts which, if true, would establish the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Only in exceptional circumstances may a court infer knowledge of substantial risk of serious

harm by its obviousness. *See id*. at 838 (Eighth Amendment does not "allow liability to be imposed on prison officials solely because of the presence of objectively inhumane prison conditions"). Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 333 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347 (1986). And a prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001); *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

In his complaint, Palmer admits that he was sent to rehab when he first experienced pain in his shoulder in 2018, that he has seen numerous outside specialists, and that he has consistently been treated with various pain medications. Doc. #1 at PageID 19–20. Palmer therefore has not been denied medical treatment altogether but apparently complains that he has been denied the medical treatment of his choice—surgery. Though Palmer disagrees with his course of medical treatment, this disagreement alone does not rise to the level of a constitutional violation. *See Gibbs*, 254 F.3d at 549 (disagreement with medical treatment is not an Eighth Amendment violation). And Palmer's response to the January 25 show cause order cannot save his claims—by advancing only legal conclusions with no factual support, it too fails to allege a cognizable claim for denial and/or delay of medical care. Doc. #10 at 2–3; *see Thompson*, 2023 WL 8368867 at *2 (a complaint fails to state a claim if it lacks factual support for its legal conclusions). In short, Palmer's allegations of the denial of adequate medical care fail to state a claim upon which relief can be granted.

## IV
## Conclusion

Palmer's complaint is **DISMISSED with prejudice**. This dismissal counts as a "strike" under 28 U.S.C. § 1915(g). Palmer is cautioned that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while incarcerated unless he is in imminent danger of some physical injury. 28 U.S.C. § 1915(g). A final judgment will be issued.

**SO ORDERED**, this 18th day of April, 2024.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**